UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **RICHARD HOLLOWAY,**<br>       Plaintiff,<br><br>v.<br><br>**KILOLO KIJIKAZI,**<br>**Acting Commissioner**<br>**of the Social Security**<br>**Administration,**<br>       Defendant. | Case No. 4:20-cv-1184-CLM |

## MEMORANDUM OPINION

Richard Holloway seeks disability, disability insurance, and Supplemental Security Income ("SSI") from the Social Security Administration ("SSA") based on several impairments. The SSA denied Holloway's application in an opinion written by an Administrative Law Judge ("ALJ"). Holloway argues that the ALJ erred in finding that he does not have a severe impairment or combination of impairments.

As detailed below, the ALJ applied the correct legal standards and substantial evidence supports her decision. So the court will **AFFIRM** the SSA's denial of benefits.

I.   STATEMENT OF THE CASE

   A.   Holloway's Disability, as told to the ALJ

Holloway was 60 years old at the time of the ALJ's decision. (R. 12, 151). Holloway dropped out of school after the eighth grade but later went back and got his GED. (R. 34–35). Holloway last worked as a mixer for a plastics product maker. (R. 38, 40).

At the ALJ hearing, Holloway testified that he suffered from an aneurysm when he was in his mid-30s. (R. 35). Holloway also said that

1

his aneurysm caused him balance issues which have gotten progressively worse over the years. (R. 36). Holloway has been a smoker since he was 14 and was recently diagnosed with COPD. (R. 40). Holloway rates his hip, knee, and leg pain as a 9/10 or 10/10 on the pain scale and says that though he takes Tylenol and ibuprofen, they "don't help much." (R. 41). As for prescription medication, Holloway uses a nebulizer three or four times a day and takes thyroid and high blood pressure medicine daily. (R. 53).

Holloway says he can only stand for about 20 minutes at a time and sit still for 10 to 15 minutes at a time. (R. 45–46). According to Holloway, he can also only walk about 30 feet before having to sit down and rest. (R. 45). And Holloway left his previous jobs because standing hurts. (*Id.*).

Holloway lives with his wife and nephew. (R. 42–43). Holloway rarely does any of the housework or goes grocery shopping. (R. 43–44). But Holloway does do some laundry and carries out the garbage. (R. 43). Holloway typically goes to bed right after dinner and doesn't wake up until around 9:00 am. (R. 47–48). And Holloway spends most of his time either watching TV or sitting on the back porch. (*Id.*).

### B.   Determining Disability

The SSA has created the following five-step process to determine whether an individual is disabled and thus entitled to benefits under the Social Security Act:

| The 5-Step Test | | |
|---|---|---|
| Step 1 | Is the Claimant engaged in substantial gainful activity? | If yes, claim denied. If no, proceed to Step 2. |
| Step 2 | Does the Claimant suffer from a severe, medically-determinable impairment or combination of impairments? | If no, claim denied. If yes, proceed to Step 3. |

| Step 3 | Does the Step 2 impairment meet the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appx. 1? | If yes, claim granted. If no, proceed to Step 4. |
|---|---|---|
| *Determine Residual Functional Capacity* | | |
| Step 4 | Does the Claimant possess the residual functional capacity to perform the requirements of his past relevant work? | If yes, claim denied. If no, proceed to Step 5. |
| Step 5 | Is the Claimant able to do any other work considering his residual functional capacity, age, education, and work experience? | If yes, claim denied. If no, claim granted. |

*See* 20 C.F.R. §§ 404.1520(a), 404.1520(b) (Step 1); 20 C.F.R. § 404.1520(c) (Step 2); 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 (Step 3); 20 C.F.R. § 404.1520(e-f) (Step 4); 20 C.F.R. § 404.1520(g) (Step 5).

As shown by the gray-shaded box, there is an intermediate step between Steps 3 and 4 that requires the ALJ to determine a claimant's "residual functional capacity," which is the claimant's ability to perform physical and mental work activities on a sustained basis.

### C.   Holloway's Application and the ALJ's Decision

The SSA reviews applications for benefits in three stages: (1) initial determination, including reconsideration; (2) review by an ALJ; and (3) review by the SSA Appeals Council. *See* 20 C.F.R. § 404.900(a)(1-4).

Holloway applied for disability insurance benefits and a period of disability in August 2018, claiming that he could not work because of various ailments, including brain injury; hip, legs, and knee pain; problems falling due to balance; lower back pain; and hepatitis C. Holloway applied for SSI in November 2018. After receiving an initial

3

denial in December 2018, Holloway requested a hearing, which the ALJ conducted in November 2019. The ALJ ultimately issued an opinion denying Holloway's claims in February 2020. (R. 15–21).

At Step 1, the ALJ determined that Holloway had not engaged in substantial gainful activity since his alleged disability onset date and thus his claims would progress to Step 2. (R. 18). At Step 2, the ALJ determined that Holloway suffered from the following medically determinable impairments: hypertension, hypothyroidism, chronic obstructive pulmonary disease (COPD), and hepatitis C. (*Id.*).

But the ALJ found that none of Holloway's impairments or combination of impairments had significantly limited his ability to perform basic work-related activities for 12 consecutive months. (R. 17–20). So the ALJ determined that Holloway was not disabled under the Social Security Act. (R. 21).

Holloway requested an Appeals Council review of the ALJ's decision. (R. 1–6). The Appeals Council will review an ALJ's decision for only a few reasons, and the Appeals Council found no such reason under the rules to review the ALJ's decision. As a result, the ALJ's decision became the final decision of the SSA Commissioner, and it is the decision subject to this court's review.

## II.    STANDARD OF REVIEW

This court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of the court's review is limited to (a) whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and (b) whether the ALJ applied the correct legal standards, *see Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford*, 363 F.3d at 1158.

### III.  LEGAL ANALYSIS

Holloway argues that the ALJ erred in finding that none of his medically determinable impairments (or combination of impairments) was severe.

An impairment or combination of impairments is severe if it significantly limits a claimant's ability to perform basic work activities. 20 CFR § 404.1520(c). An impairment or combination of impairments isn't severe "if it is a slight abnormality which has such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). The burden of showing that an impairment or combination of impairments is "severe" rests with Holloway. *See Turner v. Comm'r of Soc. Sec.*, 182 F. App'x 946, 948 (11th Cir. 2006).

Substantial evidence supports the ALJ's finding that Holloway's impairments and combination of impairments were non-severe. Holloway worked for close to 30 years after suffering his aneurysm. And Holloway didn't begin seeing a primary care provider until June 2019. (R. 321). During Holloway's first visit, CRNP Leslie Jeffries diagnosed Holloway with benign hypertension and prescribed him Lisinopril. (R. 321–22). On examination, Holloway had a normal gait, stance, and general appearance. (R. 321). When Holloway returned for a follow-up visit, Dr. Charles Giddens diagnosed him with hepatitis C and hypothyroidism and prescribed Holloway some more medication. (R. 316).

About a month later, Holloway was hospitalized with pneumonia in the right lung. (R. 304–07). But upon discharge the only limitation placed on Holloway was that he should stop smoking. (R. 306). And two weeks after his hospitalization, Holloway reported that "he is feeling much better and ready to go back to work." (R. 299). The next month, CRNP Georgina Knopps noticed a decrease in breath sounds and diagnosed Holloway with COPD. (R. 296). So Knopps prescribed Holloway an inhaler. (*Id.*). But by October 2019, Dr. Giddens noted that Holloway

exhibited normal breath sounds, no wheezing, no rhonchi, and no crackles. (R. 290–93).

As for opinion evidence, consultative examiner Vickie Craig said that Holloway takes "Goody powder" for his pain and that Holloway would benefit from seeing a primary care physician. (R. 273, 276). And Dr. Mary Arnold, a clinical psychologist, only diagnosed Holloway with nicotine dependence. (R. 280). Dr. Victoria Hogan, a state agency physician, and Dr. Robert Estock, a state agency psychiatrist, reviewed Holloway's medical records and determined that he didn't suffer from a severe physical or mental impairment. (R. 61–68).

Holloway says that his medical records show that his impairments aren't trivial. But this court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). And a reasonable person could review this evidence and agree with the ALJ's Step 2 finding that none of Holloway's impairments (or his combination of impairments) were severe. So the court will affirm the ALJ's determination that Holloway isn't disabled. *See Crawford*, 363 F.3d at 1158.

## IV.  CONCLUSION

In summary, the court has reviewed the parties' briefs, the ALJ's findings, and the record evidence and finds that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's decision. So the court will **AFFIRM** the SSA's denial of benefits. The court will enter a separate final order that closes this case.

**Done** on June 10, 2022.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

6